[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 10, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15648
Non-Argument Calendar

_____

D. C. Docket No. 03-80143-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DORIAN D. COTLEDGE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 10, 2005)**

Before TJOFLAT, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Dorian Cotledge was charged by superseding indictment with one count of

making a false statement on ATF form 4473 in connection with the purchase of a

firearm, in violation of 18 U.S.C. § 924(a)(1)(A), and one count of making a false statement to a federally licensed firearms dealer in order to obtain a firearm, in violation of 18 U.S.C. § 922(a)(6). He pleaded guilty without a written plea agreement.

At the change-of-plea hearing, Cotledge admitted that he had attempted to purchase a firearm by completing and signing ATF form 4473, on which he denied that he had any prior felony convictions. The government listed Cotledge's prior convictions, including a 1990 conviction for aggravated battery and armed robbery, 1993 convictions for being a felon in possession of a firearm and attempted murder, and a 1996 conviction for a controlled substance offense. In pleading guilty, Cotledge limited his admission to the elements of the offense and did not stipulate to the exact prior convictions because he did not want to face a greater offense level at sentencing in light of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), although he acknowledged that Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) appeared to remain good law after Blakely.

The probation officer prepared a presentence investigation report, assigning a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2) based on Cotledge's prior convictions, with a 3-level reduction for acceptance of responsibility. The

probation officer detailed Cotledge's criminal history which the probation officer calculated to be a category V. With a total offense level of 21 and a criminal history category V, Cotledge's guidelines range was 70 to 87 months imprisonment, but count one carried a statutory maximum sentence of 60 months imprisonment.

Cotledge objected to the PSI, arguing under Blakely that his sentences should not be enhanced based on prior convictions not included in the indictment or admitted by him. At sentencing, the court overruled the objection based on Almendarez-Torres, adopted the PSI, and sentenced Cotledge to concurrent 60- and 70-month terms of imprisonment, stating that this sentence was "adequate."[1] Cotledge now appeals challenging his sentences as erroneous in light of United States v. Booker, 543 U.S. –, 125 S.Ct. 738, 161 L.Ed.2d 621 (2005).

In Booker,[2] the Supreme Court held that Blakely applied to the federal sentencing guidelines and that the Sixth Amendment required that any fact that increased a defendant's sentence beyond the maximum sentence authorized by the facts established by a plea or a jury verdict must be admitted by the defendant or proven to a jury beyond a reasonable doubt. 125 S.Ct. 738. This court has

---

[1] The court further rejected imposing alternate sentences should the U.S. Supreme Court apply Blakely to the federal guidelines.

[2] This court now reviews Blakley arguments under Booker.

3

explained that a <u>Booker</u> error also results from the district court's use of a mandatory guidelines scheme, even in the absence of any constitutional error. <u>United States v. Shelton</u>, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

Because Cotledge preserved his <u>Booker</u> challenge in the district court, we review the sentences de novo, but will reverse only if the error was not harmless. <u>United States v. Paz</u>, 405 F.3d 946, 948 (11th Cir. 2005). The burden is on the government to show that the error was harmless. There are two standards for the harmless error test: constitutional harmless error, which occurs when the error did not affect the defendant's substantial rights,[3] and statutory harmless error, which is a less demanding standard but requires the government to show that, viewing the proceedings in their entirety, the error had no effect or a very slight effect on the sentence. <u>United States v. Mathenia</u>, 409 F.3d 1289, 1291-92 (11th Cir. 2005).

Here, there was no constitutional error. An enhancement based on a prior conviction, even if not admitted by the defendant, does not represent a constitutional <u>Booker</u> error.[4] <u>United States v. Orduno-Mireles</u>, 405 F.3d 960, 962-63 (11th Cir. 2005); <u>United States v. Camacho-Ibarquen</u>, 404 F.3d 1283, 1290

---

[3] In other words, "where it is clear 'beyond a reasonable doubt that the error complained of did not contribute to the [sentence] obtained.'" <u>Mathenia</u>, 409 F.3d at 1291-92.

[4] Cotledge did not raise any factual objections to the PSI, which listed his extensive criminal history. <u>United States v. Burge</u>, 407 F.3d 1183 (11th Cir. 2005) (noting that the defendant admitted the facts regarding his relevant conduct for <u>Booker</u> purposes when he abandoned his objections to various factual statements in the PSI); <u>United States v. Shelton</u>, 400 F.3d 1325 (11th Cir. 2005).

4

(11th Cir. 2005). The Supreme Court's decision in <u>Shepard v. United States</u>, 125 S.Ct. 1254 (2005), does not alter this conclusion. <u>United States v. Gallegos-Aguero</u>, 409 F.3d 1274, 1276-77 (11th Cir. 2005); <u>Camacho-Ibarquen</u>, 404 F.3d at 1290 n.3.

The government correctly concedes, however, that there was statutory error in the imposition of the guidelines as mandatory and that it cannot show that the error was harmless. The record is devoid of any evidence, other than the court's statement that a sentence at the low end of the guidelines was "adequate," to show that Cotledge's substantial rights were not affected by the mandatory application of the guidelines.[5] Where it is unclear whether the court would have imposed the same sentence but for the mandatory guidelines, the government cannot show that the error was harmless. <u>United States v. Davis</u>, 407 F.3d 1269, 1271-72 (11th Cir. 2005). Moreover, a sentence at the low end of the guidelines range, without more, does not establish that the error was harmless. <u>See</u> <u>United States v. Fields</u>, 408 F.3d 1356 (11th Cir. 2005) (concluding, under plain error review, that a sentence at the low end of the guidelines was not sufficient to show that the mandatory application of the guidelines affected the defendant's substantial rights). Because

---

[5] Notably, even after <u>Booker</u>, the court is still required to calculate and consider the guidelines range in determining an appropriate sentence. <u>United States v. Crawford</u>, 407 F.3d 1174 (11th Cir. 2005).

5

the government cannot meet its burden to show harmless error, we **VACATE** and

**REMAND** for resentencing under an advisory guidelines scheme.