[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 13, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15339

_____

D. C. Docket No. 04-14028 CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL DUKE BUTLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 13, 2005)

Before EDMONDSON, Chief Judge, BARKETT, Circuit Judge, and HUNT[*],
District Judge.

PER CURIAM:

_____

[*]Honorable Willis B. Hunt, Jr., United States District Judge for the Northern District of Georgia,
sitting by designation.

Defendant Michael Duke Butler appeals his 33-month sentence for possession with intent to distribute a mixture containing methamphetamine. Butler pleaded guilty and admitted to only those facts contained in his one-count indictment: that he possessed a quantity of drugs "in excess of five grams." Butler's pre-sentence investigation report indicated that officers actually recovered 23.9 grams of drugs from Butler's possession. The district court relied on the 23.9-gram quantity in computing Butler's initial base offense level under the federal sentencing guidelines.[1] Based on the base offense level and Butler's criminal history, he was subject to a 30-37 month prison sentence; he was sentenced to 33 months imprisonment.

Butler argues that his sentence violated the Supreme Court's decision in United States v. Booker, -- U.S. --, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), because the sentence was enhanced based on facts that were neither proved in court nor admitted to by him. He contends that his initial base offense level under the guidelines should have been based only on his possessing "in excess of five

---

[1]The court applied a base offense level of 20, which corresponds with possessing "[a]t least 20 G but less than 30 G of Methamphetamine." U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c)(10) (2003).

grams."[2]  We conclude that the court committed harmful error and remand for resentencing.

Butler objected to his sentencing enhancements in district court; so we review his sentence *de novo*.  United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

The district court committed constitutional Booker error.  See United States v. Rodriguez, 398 F.3d 1291, 1297 (11th Cir. 2005) ("The holding in Booker is that the Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury.").  We, however, will disregard that error if the error was harmless.  Paz, 405 F.3d at 948 (citing Fed. R. Crim. P. 52(a)).  Because Butler alleges constitutional Booker error, harmless error may only exist "where it is clear *beyond a reasonable doubt* that the error complained of did not contribute to the [sentence] obtained."  United States v. Candelario, 240 F.3d 1300, 1307 (11th Cir. 2001) (emphasis added).  The government bears the burden of proving that the error was harmless.  Paz, 405 F.3d at 948.

---

[2]Butler contends that he should have been subject to an initial base offense level of 16, which corresponds with possessing "[a]t least 5 G but less than 10 G of Methamphetamine."  U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c)(12) (2003).

3

The government points to two facts that it claims support its argument that the court's Booker error was harmless: (1) the court's professed concern about the "quality and nature" of Butler's prior drug-related convictions,[3] and (2) Butler received a sentence in the middle of the applicable sentencing range. We believe that these facts are insufficient to carry the government's burden.

In those cases in which we have deemed constitutional Booker error harmless, the sentencing court plainly stated its intent to impose the same sentence under an advisory guidelines system. See United States v. Robles, 408 F.3d 132 (11th Cir. 2005) ("[M]y sentence would be the same regardless of whether Blakely had invalidated the guidelines or not, because I would apply them as guidelines and reach the same conclusion that I will here today."); see also United States v. Lee, 427 F.3d 881 (11th Cir. 2005) (concluding that constitutional Booker error was harmless beyond a reasonable doubt when court stated it would impose same sentence under advisory guidelines system). Cf. Paz, 405 F.3d at 949 (remanding for resentencing when court stated that sentence would be reduced under advisory guidelines system). The district court made no similar statements of intent in Butler's case. A plainly expressed statement might not always be needed. But

_____

[3]The court described Butler's prior conviction for carrying a gun during a drug-related offense as "a little disturbing" and "troublesome."

4

without a strong indication of some kind from the sentencing court, we cannot say that it is clear beyond a reasonable doubt that the error did not contribute to Butler's sentence.

That the court imposed a sentence in the middle of the guidelines range is not sufficiently indicative of harmless error. Never have we concluded that the sentence's place within the middle of the range, taken alone, is sufficient indicia of harmless error. See United States v. Mejia-Giovani, 416 F.3d 1323 (11th Cir. 2005) (noting mid-range sentence among several factors in affirming sentence, including court's repeated warnings that defendant could be subject to upward departure). Merely sentencing Butler in the middle of the guidelines range is not enough to indicate clearly how the court would have sentenced Butler under an advisory guidelines system. "Where it is unclear whether the court would have imposed the same sentence but for the mandatory guidelines, the government cannot show that the error was harmless." United States v. Cotledge, No. 04-15648 (11th Cir. Aug. 10, 2005).

Because the government cannot meet its burden to show harmless error, we VACATE Butler's sentence and REMAND to the district court for resentencing.